UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON M. HARRISON, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF THE ARCHITECT OF THE CAPITOL, <br><br> Defendant. | Civil Action No. 11-00420 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(March 29, 2012)

Plaintiff Sharon M. Harrison ("Harrison") brings this employment retaliation action against her employer, the Office of the Architect of the Capitol (the "AOC"). The AOC has filed a [12] Motion for Summary Judgment.[1] Harrison responded by, among other things, filing a [18] Motion for Relief Pursuant to Federal Rule Civil Procedure 56(f) ("Motion for Relief").[2] Despite the title, the Court construes Harrison's Motion for Relief as arising under Federal Rule of Civil Procedure 56(d),[3] which delineates those circumstances under which a party may resist a motion for summary judgment on the basis that she "cannot present facts essential to justify [her]

---

[1] The motion is also styled as a motion to dismiss. In both respects, the motion remains pending and will be resolved in a subsequent opinion.

[2] To be precise, Harrison first responded by filing an opposition that failed to comply with the Local Rules of this Court and the directives set forth in the Court's [5] Scheduling and Procedures Order. On July 1, 2011, the Court struck Harrison's original opposition and directed her to submit a revised opposition. *See* Mem. Order (July 1, 2011), ECF No. [16].

[3] Rule 56(d) was formerly designated as Rule 56(f).

1

opposition." FED. R. CIV. P. 56(d). Upon careful consideration of the parties' submissions,[4] the relevant authorities, and the record as a whole, the Court finds that Harrison has failed to carry her burden under Rule 56(d). Accordingly, her [18] Motion for Relief shall be DENIED.

## I. LEGAL STANDARD AND DISCUSSION

Harrison seeks relief under Federal Rule of Civil Procedure 56(d), which provides:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)  issue any other appropriate order.

FED. R. CIV. P. 56(d). The decision of whether to grant or deny relief under Rule 56(d) is discretionary and entrusted to the district court. *Pardo-Kronemann v. Donovan*, 601 F.3d 599, 611-12 (D.C. Cir. 2010). Harrison, as the party seeking relief under Rule 56(d), bears the burden of making the required "showing." That is, Harrison must demonstrate "that, for specified reasons, [she] cannot present facts essential to justify [her] opposition" to the AOC's Motion for Summary Judgment. FED. R. CIV. P. 56(d). For at least four separate reasons, any one of which is sufficient to deny the relief sought, the Court finds that Harrison has failed to discharge her burden.

---

[4] Although the Court's decision is based on the record as a whole, its consideration has focused on the following documents: Plaintiff's [24] Second Revised Memorandum of Law and Points and Authorities in Support of her Motion for Relief Pursuant to Federal Rule Civil Procedure 56(f) ("Memorandum"); and Defendant's [21] Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or, Alternatively, for Summary Judgment. Although Harrison was allocated until August 11, 2011 to file a reply, the public docket reflects that she elected not do so. *See* LCvR 7(d); FED. R. CIV. P. 6(d). Accordingly, the motion is fully briefed and ripe for a decision. In an exercise of its discretion, the Court concludes that holding oral argument would not be of assistance in rendering a decision. *See* LCvR 7(f).

2

First, a party seeking relief under Rule 56(d) must identify the additional discovery she would seek to oppose a motion for summary judgment "concretely" and with "sufficient particularity." *See Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859, 861 (D.C. Cir. 1989); *Messina v. Krakower*, 439 F.3d 755, 762 (D.C. Cir. 2006). In her vague and disjointed submission, Harrison never identifies the discovery she wants with any meaningful measure of specificity. Throughout her Motion for Relief, Harrison complains that the AOC should have produced a copy of a report prepared by the AOC's Office of Inspector General in connection with an investigation into allegations raised by Harrison (the "OIG Report") during discovery in a related civil action, and faults the AOC for failing to provide her with updates as to the progress of the investigation. *See* Pl.'s Mem. at 5-8. However, by the time Harrison filed her opposition to the AOC's Motion for Summary Judgment in this case, Harrison *already* had a copy of the OIG Report because it had been filed as part of the AOC's opening submission. In other words, the OIG Report was not "unavailable" to Harrison at the time she filed her opposition and, as a result, it cannot serve as a basis for relief under Rule 56(d). Meanwhile, to the extent Harrison intended to suggest that she would want additional discovery above and beyond the OIG Report, she was obligated under Rule 56(d) to *specifically identify* that discovery. Because she has completely failed to do so, *see* Pl.'s Mem. at 5-8, her Motion for Relief fails on this basis alone. *Cf. Dunning v. Quander*, 508 F.3d 8, 9 (D.C. Cir. 2008) (*per curiam*) (finding the plaintiff's suggestion that he would take depositions of the decision-makers involved in the challenged employment action to be insufficiently particularized to support relief under Rule 56(d)).

Second, and in a similar vein, a party seeking relief under Rule 56(d) must articulate a plan for obtaining the discovery alleged to be unavailable. *See Garcia v. U.S. Air Force*, 533

F.3d 1170, 1180 (10th Cir. 2008). In this regard, Harrison's Motion for Relief does not even allude to, let alone articulate, a specific, non-objectionable discovery request. Because Harrison's submission is devoid of a single concrete request for additional discovery, her Motion for Relief fails on this separate, independent basis. *See Estate of Parson v. Palestinian Auth.*, 715 F. Supp. 2d 27, 35 (D.D.C. 2010) (providing that a party seeking relief under Rule 56(d) cannot rely upon "a generalized request to conduct discovery" but must identify what "further specified discovery" is needed), *aff'd*, 651 F.3d 118 (D.C. Cir. 2011).

Third, a party seeking relief under Rule 56(d) must establish that the discovery she seeks is "essential to justify [her] opposition." FED. R. CIV. P. 56(d). Stated somewhat differently, a party must show that the requested discovery, if obtained, "would alter the court's determination." *Cheyenne Arapaho Tribes of Oklahoma v. United States*, 558 F.3d 592, 596 (D.C. Cir. 2009). In this case, because Harrison fails to discharge her threshold burden of specifically identifying *what* discovery is needed, she also fails to explain *why* that discovery would be "essential" in opposing the AOC's Motion for Summary Judgment in this case. Absent that showing, so far as the Court is concerned, any additional evidence might very well be immaterial, cumulative, or otherwise not "essential." Accordingly, Harrison's Motion for Relief fails on this separate, independent basis. *Cf. Carpenter v. Fed. Nat'l Mortg. Ass'n*, 174 F.3d 231, 237-38 (D.C. Cir.) (concluding that the district court acted within its discretion in denying additional discovery under Rule 56(d) where the plaintiff failed to identify what new facts could be obtained to support her theory of pretext), *cert. denied*, 528 U.S. 876 (1999); *Moses v. Dodaro*, 774 F. Supp. 2d 206, 215-16 (D.D.C. 2011) (finding that the plaintiff's contention that discovery would demonstrate discrimination was insufficient to warrant additional discovery).

Fourth, and finally, the showing required by Rule 56(d) must be made "by affidavit or declaration." FED. R. CIV. P. 56(d). The affidavit or declaration itself must "identify . . . the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006); *see generally* 11-56 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE §§ 56.100, 56.101 (3d ed. 1999) (identifying what the affidavit or declaration should include). In this case, Harrison has personally executed a declaration in support of her Motion for Relief. *See* Revised Decl. of Pl. Sharon M. Harrison, ECF No. [24]. However, Harrison's declaration merely faults the AOC for failing to provide her with updates as to the progress of the investigation. *See id.* ¶¶ 29-40. It does not identify the specific facts that further discovery would reveal or explain why those facts would preclude summary judgment. Accordingly, her Motion for Relief fails on this separate, independent basis.

## II. CONCLUSION AND ORDER

For the reasons set forth above, it is, this 29th day of March, 2012, hereby

**ORDERED** that Harrison's [18] Motion for Relief is DENIED.

**SO ORDERED.**

                                                                        /s/
                                          **COLLEEN KOLLAR-KOTELLY**
                                          United States District Judge